## LYLE vs. DELLINGER.

*February 7 — March 14, 1882.*

*Judgment on verdict.*

The judgment of the circuit court affirming the judgment of a justice's court (where there was no trial *de novo*) affirmed here on the ground that 'there was evidence to sustain it.

APPEAL from the Circuit Court for *Fond du Lac* County. The case is thus stated by Mr. Justice. CASSODAY:

"The undisputed evidence shows that the defendant, by an instrument in writing, appointed the plaintiff as his agent for the sale and renting of a house and lot here in question, and also of another house and lot, at prices named, but expressly stipulated that in case the defendant found his own customer the plaintiff should have no fee. The renting was effected through John Pearson and Mr. Bishop, father of Mrs. Carpenter, both acting for and in her behalf. During the negotiation for renting, Pearson and Bishop each inquired the price, and were informed by the plaintiff that it was $500, and the plaintiff finally offered it to them for Mrs. Carpenter for $450. Subsequently the house and lot were purchased by William E. Field for $400, in behalf of Mrs. Carpenter. This action was brought in justice's court to recover $13.50 commissions on such sale, but the judgment was for the defendant. From that judgment the plaintiff appealed to the municipal court of Ripon, from which the cause was removed to the circuit court for Fond du Lac county, where the judgment of the justice's court was affirmed. From that judgment this appeal is brought."

For the appellant there was a brief by *W. W. D. Turner,* his attorney, with *Geo. E. Sutherland,* of counsel, and oral argument by *Mr. Sutherland.*

The cause was submitted for the respondent on the brief of *E. L. Runals.*

CASSODAY, J. There is evidence tending to show that after the plaintiff, as agent of the defendant, had rented the house and lot to Mrs. Carpenter, William E. Field, acting for her, purchased the same of the defendant, personally, and that the plaintiff had nothing to do with such purchase, nor any of the negotiations leading to the same. This testimony, and the express written stipulation that the plaintiff should "have no fee" in case the defendant found his "own customer," seem to be sufficient to sustain the judgment of the circuit court; and the same is therefore affirmed.

*By the Court.*—Judgment affirmed.